IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SOUTHERN SOLUTIONS | ) | |
| PRODUCE, LLC et al, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 06-10185 |
| v. | ) | |
| | ) | Adv. No. 06-2048 |
| BRYANT CUNNINGHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

MEMORANDUM OPINION

This matter came before the Court for hearing on August 31, 2006 upon the Defendant's

Emergency Motion for Stay July 14, 2006 Order Pending Appeal and for Expedited

Consideration (the "Motion"), filed by the Defendant on August 23, 2006.  At the hearing,

Christopher C. Finan appeared on behalf of the Plaintiff and Bryant Cunningham (the

"Defendant") appeared pro se.

Based upon a review of the Motion, the evidence presented at the hearing, and a review of

the entire official file, this Court makes the following findings of fact and conclusions of law.

FACTS

On July 14, 2006, this Court entered a Preliminary Injunction (the "Injunction Order")

enjoining and restraining the Defendant from taking any action to assign, transfer, convey, spend,

or dissipate funds in the amount of $100,200.00 for the benefit of the Debtor's estate and unpaid

creditors.  The Court found, inter alia, that the Debtor's estate would be irreparably harmed if the

injunction was not granted.  On July 14, 2006, the Defendant appealed the Injunction Order.

## ANALYSIS

A court should consider four factors when determining whether a stay pending appeal is warranted: the likelihood that the party seeking the stay will prevail on the merits; the likelihood that the moving party will be irreparably harmed absent a stay; the prospect that others will be harmed if the court grants the stay; and the public interest in granting the stay.  See Cuomo v. United States Nuclear Reg. Comm'n, 772 F.2d 972, 974 (D.C. Cir. 1985), citing WMATA v. Holiday Tours, 559 F.2d 841, 843 (D.C. Cir. 1977).

In this case, for reasons set forth in the Injunction Order and stated during the hearing, the likelihood that the Defendant will prevail on the merits of his appeal are very low.  The likelihood that the Defendant will be irreparably harmed absent a stay pending appeal is unclear.  The prospect that other creditors will be harmed if the court grants the stay is very high.[1]  Finally, the public interest in granting the stay pending appeal is low.

## CONCLUSION

For reasons stated in open court, the Motion is hereby denied.

This opinion constitutes the Court's findings of fact and conclusions of law.  A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

---

[1]The Defendant testified that if he were allowed access to the monies in question, then he would expend the funds on family living expenses.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                                          )
                                                )
SOUTHERN SOLUTIONS                              )
PRODUCE, LLC et al,                             )
                                                )
Plaintiff,                                      )
                                                )      Case No. 06-10185
v.                                              )
                                                )      Adv. No. 06-2048
BRYANT CUNNINGHAM,                              )
                                                )
Defendant.                                      )
_____)

PARTIES IN INTEREST

Southern Solutions Produce, LLC

Christopher C. Finan, Esquire

Bryant Cunningham